STATE OF INDIANA ON THE RELATION OF DOROTHY L. HEPLER *v.*
THE SUPERIOR COURT OF MARION COUNTY, ROOM 5, AND
MICHAEL T. DUGAN, II, JUDGE OF THE SUPERIOR COURT OF
MARION COUNTY, ROOM 5.

[No. 375S59. Filed May 22, 1975.]

*Sherwood Blue, Blue & Roberts*, of Indianapolis, for relatrix.

*Kent O. Stewart, Stewart, Irwin, Gilliom, Fuller & Meyer*,
of Indianapolis, for respondents.

GIVAN, C.J.—Relatrix has filed a petition for writ of mandate and prohibition asking that the Respondent court and judge be mandated to grant a change of venue from the county in Cause No. S574-548, in the Respondent court, and that the Respondents be prohibited from any further action in said cause.

Upon presentation of this matter to the Court, the Court indicated to the Relatrix that it did not favor the granting of a writ. However, the Relatrix exercised her right under the law and filed this petition with the Clerk of this Court.

The record filed with this petition shows that on May 13, 1974, J. William Hepler, husband of the Relatrix, caused to be filed in the office of the Clerk of the Superior Court of

Marion County, Room 5, a petition for dissolution of marriage and support of minor children, which action was docketed under the above cause number.

The summons was received by the Relatrix on May 23, 1974. Counsel for the Relatrix filed his written appearance on her behalf in the Respondent court on June 13, 1974. On July 3, the Relatrix, by her attorney, filed a motion to dismiss the petition for dissolution of marriage and support of minor children. On July 8, 1974, the Relatrix filed her cross-petition for divorce and counterclaim for damages. Following this, depositions were requested and continuances had in the taking of said depositions. On July 19, 1974, a petition was filed for support *pendente lite* and for temporary child support and attorney's fees. On July 22, the husband filed his motion to dismiss the cross-petition for divorce and counterclaim for damages. A continuance was had on the hearing for petition for support *pendente lite* and on August 14, 1974, trial on the motion *pendente lite* was commenced and continued. This hearing was resumed on December 20, 1974. On December 27, 1974, orders *pendente lite* were entered in the cause.

On January 29, 1975, after completing hearings on preliminary motions, the trial court set the matter for trial to commence at 8:30 a.m. on March 13, 1975. Counsel for the Relatrix was present in court at the time the cause was set for final disposition by trial. On February 4, 1975, the Relatrix filed her motion for change of venue from the county, which motion the trial court overruled and it is from this ruling the Relatrix now seeks relief in this Court.

Ind. R. Tr. P. 76(7) provides as follows:

"(7) Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change

from the judge or county (as the case may be) and filed with the court."

Assuming without deciding that Relatrix' position is correct that the issues had not yet been closed in the matter on January 29, when the trial court, in the presence of Relatrix' counsel, set this matter for trial for March 13, the Relatrix did, by her failure to object to the trial setting, waive any right she might have had at that time to a change of judge or a change of county in the cause.

We, therefore, hold the trial court was correct in its ruling that the change of venue should be denied. The writ of mandate and prohibition prayed by the Relatrix is hereby denied.

DeBruler, Hunter and Prentice, JJ., concur; Arterburn, J., not participating.

NOTE.—Reported at 328 N.E.2d 218.